UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
Joseph Guzman
Plaintiff,                                           COMPLAINT FOR VIOLATION OF THE FAIR
                                                     DEBT COLLECTION PRACTICES ACT
vs.
                                                     Plaintiff Demands A
Commercial Recovery Systems, INC,                    Trial by Jury
Mitsubishi Motors Credit of America,
AND Experian                                         07 CV 2594
Defendant
_____x

WP4

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter FDCPA) and Fair Credit Reporting Act (hereinafter FCRA) by the Defendant and infliction of emotional distress.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendant has violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Joseph Guzman, is a natural person residing at 8 Norge Drive, Nanuet, New York, 10954 and residing in this District.

1

4. Defendant, Commercial Recovery Systems, INC., a "user" and "furnisher" of credit information, is a collection agency regularly engaged in the collection of debts in this state with its principal place of business located at 8035 East R.L. Thornton, Suite 220, Dallas, Texas, 75357, which is a debt collector as defined in FDCPA.

5. Defendant, Mitsubishi Motors Credit, a "user" and "furnisher" of credit information, is a consumer agency with its principal place of business located at PO Box 6014 Cypress, CA 90630-0014.

6. Defendant, Experian, is a consumer credit reporting agency with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626, which is a credit reporting agency as defined in FDCPA and FCRA.

## FACTUAL ALLEGATIONS

7. On or about October 26, 2005 plaintiff received a letter from Imperial Collection Services, an authorized agent of Mitsubishi Motors Credit (hereinafter Mitsubishi), notifying him of his that Account No. 0607144637 was satisfactorily paid and reported as settled in full to their client Mitsubishi and CRS of America.

8. Upon information and belief, Defendant Mitsubishi did report alleged debt paid to credit reporting agencies Equifax, Experian and Trans Union.

9. Notwithstanding the same, on or about June 16, 2006, defendant Commercial Recovery Systems (hereinafter CRS), INC. sent Plaintiff a collection letter demanding $2,062.19, an amount plaintiff allegedly owed to Mitsubishi Account No. 2215874.

10. Plaintiff had informed Defendant CRS, that his balance on Account No. 0607144637 was settled in full to Mitsubishi and that said owed debt did not belong to him under Account No. 2215874.

11. Notwithstanding the same, Mitsubishi, CRS and Experian continued to report said debt as unpaid.

12. On or about August 23, 2006, Plaintiff sent letter to Defendant Experian disputing the report of delinquent accounts from Mitsubishi, detailing that the Account No. 607144637 was paid in full and the Account No. 0284212 did not belong to him. And as of the date of this complaint the debts continue. to show.

FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. The allegations in paragraphs 1-12 in this pleading are incorporated as if fully rewritten herein.

14. Defendants CRS violated the Fair Debt Collection Practices Act 15 U.S.C. 1692.

15. Defendants CRS violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed.

16. Defendants CRS violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when they knew, or should have known, that they had no legal authority to do so.

17. As a direct and proximate result thereof, Plaintiff has been injured and may continue to suffer such injury in the future and is entitled to damages therefore

SECOND CLAIM: VIOLATION OF THE FAIR CREDIT REPORTING ACT

18. The allegations in paragraphs 1-17 in this pleading are incorporated as if fully rewritten herein.

19. Defendant, Mitsubishi and CRS owed duties of reasonable care to plaintiff.

20. Defendants, Mitsubishi and CRS, failed to exercise reasonable care and prudence in the false reports about information had with plaintiff, in impermissibly reporting false information to credit reporting agencies and attempted collection of the disputed amounts and subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this suit, and which consequently caused damages to plaintiff.

21. Defendants, Mitsubishi and CRS are "users" of credit information and "furnishers" of credit information as stated in the Fair Credit Reporting Act.

22. Defendants Mitsubishi and CRS violated the mandates of 15 U.S.C. 1681s-2[b] and plaintiff has suffered damages as a result of those violations.

23. Defendant Mitsubishi and CRS willfully violated the mandates of section 1681s-2[b].

24. Alternatively, Defendants Mitsubishi and CRS negligently violated the mandates of section 1681s-2[b].

25. Defendants Mitsubishi and CRS likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

26. Defendants Mitsubishi and CRS knew or should have known or consciously avoided knowing that the information repeatedly reported about plaintiff was false and improperly attributed to plaintiff. Mitsubishi and CRS were further notified by plaintiff of the errors and the disputes, yet Mitsubishi and CRS failed to report such information as disputed to the consumer reporting agencies.

27. Said information was negative and damaging to plaintiff. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff.

28. Defendants Mitsubishi and CRS recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

29. Defendants Mitsubishi and CRS's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

30. Defendants Mitsubishi and CRS was notified of its false reporting however Mitsubishi and CRS continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiff.

31. Defendants Mitsubishi and CRS also breached its various and multiple agreements and contracts with the consumer reporting agencies [and/or their affiliates] [collectively "consumer reporting agencies"], to whom it subscribed, by continuously reporting false credit information about plaintiff.

32. Defendants Mitsubishi and CRS was aware that its reporting and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to his creditors.

33. The consumer reporting agencies maintain subscriber contracts and relationships with Defendants Mitsubishi and CRS separately and individually, under which Mitsubishi And CRS is allowed to report credit data and have same placed in the credit reporting files and

records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

34. Under the subscriber contracts Defendants Mitsubishi and CRS owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including plaintiff.

35. Defendant Experian recklessly, maliciously and/or intentionally published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

36. Defendant Experian violated the mandates of 15 U.S.C. 1681s-2[b] and plaintiff has suffered damages as a result of those violations.

37. Defendant Experian willfully violated the mandates of section 1681s-2[b].

38. Alternatively, Defendant Experian negligently violated the mandates of section 1681s-2[b].

39. Defendant Experian likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se.

40. Defendant Experian's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severs humiliation, and emotional distress and mental anguish.

41. Defendant Experian was notified of its false reporting however Defendant Experian continued to publish report(s) which contained erroneous, inaccurate and false information about the Plaintiff.

## THIRD CLAIM: INFLICTION OF EMOTIONAL DISTRESS

42. The allegations paragraphs 1-41 in this pleading are incorporated as if fully rewritten herein.

43. This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

44. During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when it knew or should have known that its actions would do so.

45. As a direct and proximate result thereof, Plaintiff was injured and may continue to suffer such injury in the future.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants for the following:

   A. Declaratory judgment that Defendants' conduct violated the FDCPA and FCRA, and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

   B. Actual damages as proven at trial, on each and every claim;

   C. Statutory damages, where applicable;

   D. Costs and reasonable attorney fees; and

   E. For such other and further relief as may be just and proper.

   Plaintiff hereby demands a trial by jury on all issues and all claims.

DATED: March 28, 2007
Spring Valley, NY

_____/s/ [signature]
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY 10977
(845) 425-2510